**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| PATRICIA PETERS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | CASE NO.: 1:13-CV-76 (WLS) |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, L.P., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff's Motion for Remand. (Doc. 5.) Based on the following, Plaintiff's Motion is **DENIED.**

## PROCEDURAL BACKGROUND

On March 7, 2013, Plaintiffs Patricia Peters and Joe Peters filed a Complaint for Damages against Defendant in Superior Court in Decatur County, Georgia. (Doc. 1-2 at 1.) Plaintiff sought $16,522.25 but expressly alleged that Plaintiff "has incurred other medical and medically related expenses that will be [added by] amendment." (*Id.* at 9.) Plaintiff alleges that, as a result of Defendant's negligence, Plaintiff Patricia Peters suffered a left rotator cuff tear, multiple fractured and otherwise injured teeth, left shoulder pain, back pain, abdominal pain, chest pain, and facial contusions. (*Id.* at 8-9.) Plaintiffs also asserted a claim for Plaintiff Joe Peters' loss of consortium. (*Id.* at 10.) On May 2, 2013, Defendant filed a Notice of Removal in this Court, seeking to invoke diversity jurisdiction. (Doc. 2.) Plaintiffs filed their Motion to Remand on May 15, 2013. (Doc. 5.) Defendant's Response was filed on May 29, 2013. (Doc. 9.)

1

Defendant's Response was timely filed within 21 days as provided by the Local Rules. *See* M.D. Ga. Local R. 6.3,

## DISCUSSION

A defendant may remove a case from state court within thirty days from when the initial complaint is received by the defendant, or when the case otherwise becomes one over which a federal court would have original jurisdiction.   28 U.S.C. §§ 1441, 1446(b)(1).  Subject matter jurisdiction exists by virtue of federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where all plaintiffs are citizens of different states than all defendants, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.   If at any time during the course of the suit's pendency the court lacks jurisdiction, the case must be remanded to the state court from whence it came.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed "[b]ecause removal jurisdiction raises significant federalism concerns."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).   "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."  *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).  However, courts should be mindful that removal is not to be used to gain a tactical advantage by avoiding an inconvenient trial setting. *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F. Supp. 683, 687 (S.D. Ala. 1985).

"[J]urisdictional facts are assessed at the time of removal."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).  A court may not engage in "impermissible speculation" as to the amount in controversy without any evidence on the value of the claims at issue in a case.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir.

2007).   The party advocating removal may introduce evidence demonstrating that jurisdictional requirements are satisfied.   *See Pretka* at 774-75.   The removing party has the burden to prove facts supporting jurisdiction by a preponderance of the evidence. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

In its Notice of Removal, Defendant points to the various injuries incurred by Plaintiff and Plaintiff's allegation of "future medical expenses, pain and suffering, other injuries that will be added by amendment, and permanent bodily injuries" to support its claim that the amount in controversy exceeds $75,000.  (Doc. 1 at 2-3.)  In their Motion to Remand, Plaintiffs argue that Defendant has failed to meet its burden by establishing the amount in controversy by a preponderance of the evidence.  (Doc. 5 at 3.)

In its Response, Defendant argues that the amount in controversy exceeds $75,000 as evidenced by the nature and extent of Plaintiff's alleged injuries and Plaintiff's "allegations of additional undisclosed injuries, and of additional undisclosed damages." (Doc. 9 at 2-3.)

Defendant points to *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010) to support its contention that this Court should find that the amount in controversy requirement is satisfied.  (Doc. 9 at 2-3.)  In *Roe*, the plaintiff did not allege a specific damages amount.   Nonetheless, the court found that the amount in controversy exceeded $75,000 because the defendant was allegedly responsible for the loss of a human life due to conduct with a reckless or conscious disregard for the safety of others.  *Id.* at 1066.  *Roe* cited two additional cases to support its holding, both of which involved plaintiffs that failed to allege a specific damages request.  In *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999), the court held that the amount in

controversy requirement was met despite the fact that no specific damages request was made.  The plaintiff alleged property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework.  *Id.*  In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), the court held the amount was satisfied because the nature of the "allegations support[ed] a substantially large[] monetary basis to confer removal jurisdiction."  The plaintiff had alleged medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.  *Id.*

The instant case is similar to *Roe*, *Luckett*, and *Gebbia*.  Plaintiffs allege *permanent injuries* involving Plaintiff Patricia Peters' abdominal area, teeth, back, left rotator cuff, and face.  (Doc. 1-2 at 8.)  Plaintiffs allege severe injuries that are similar to those that have been found to support diversity jurisdiction in the cases cited above.  Importantly, Plaintiff indicates that she "has incurred other medical and medically related expenses" but did not allege those in her complaint.  (*Id.* at 9.)  The Court finds that, by presently incurring damages and choosing to withhold those damages from the Court, Plaintiffs have attempted to gain a tactical advantage by shielding their case from removal to federal court.  The Court further finds that the Plaintiff's claims taken together and as true meet the amount in controversy requirement by a preponderance of the evidence.

Based on the foregoing, the Court finds that Defendant met its burden of proving the jurisdictional bases for removal to federal court.  Therefore, Plaintiff's Motion to

Remand (Doc. 5) is **DENIED.**

    **SO ORDERED**, this __29th__ day of August, 2013.


                              **/s/ W. Louis Sands**_____
                              **THE HONORABLE W. LOUIS SANDS,**
                              **UNITED STATES DISTRICT COURT**